Bell and Miller v. Matheny.

## BELL AND MILLER v. MATHENY.

**REPLEVIN:** *Landlord's lien will not support.*

Neither a landlord's lien for rent, nor an attachment for it, on the crop, gives him a right to the possession of the crop.

APPEAL from *Clark* Circuit Court.

Hon. A. B. WILLIAMS, Special Judge.

REPORTER'S STATEMENT.

Matheny brought replevin against W. T. Bell and J. W. Miller, before a justice of the peace in Clark county, for 100 bushels of corn, of which he claimed, in his affidavit, to be the owner, and entitled to immediate possession; and that it was unlawfully detained by the defendants. The order of delivery was executed by the officers taking the corn and delivering it to the plaintiff. The defendants filed an answer, denying the plaintiff's ownership and right of possession, and their wrongful detention of the corn. On the trial, there were verdict and judgment for the plaintiff, and the defendants appealed to the circuit court.

Upon the trial in the circuit court, the plaintiff, Matheny, testified as follows: "I rented to Bell twenty-five acres of land, to be planted, half in corn, and half in cotton. The corn was raised and gathered, and put in a pen in the field, and stayed there until after the trial before the justice of the peace; then it was put in my lot. The corn was divided. I think 100 bushels were put in the field, and afterward were put in crib near my house. There was other corn; don't know how much; don't know how the corn was divided. Think Bell made 200 bushels or more. The corn was put in my crib by Fullerton, who told me that Miller employed him to haul it. It was not put there until after it was replevied. I never had it in my possession until after it was replevied. I was forbidden to take it. I was not present when it was divided. Part was hauled to Mr. Bell, and part put up in the field. Don't know what part Bell took to his house."

Hale, witness for the plaintiff, testified that he lived on the place, and Bell told him he had gathered his part of the corn and hauled it home, and had put Matheny's in a cotton-pen, some 100 bushels, and worth seventy-five cents per bushel.

Miller, for the defendants, testified that Matheny had sued Bell by attachment for his rent, and had seized the crop and obtained judgment against Bell, and witness made Bell's appeal-bond; and to secure witness, Bell delivered to him his crop of corn and cotton. Matheny afterwards replevied the corn. Before he replevied it, witness proposed that he would haul the corn to his house, if he would be responsible to witness for it, which he refused to do, and then replevied it, and it was hauled to Matheny's house by Fullerton for the constable.

This was all the evidence. Verdict and judgment for the plaintiff, and defendants appealed.

*Hawes H. Coleman,* for appellants:
Attachment lies—not replevin.

*John W. Miller, per se:*
Landlord has only lien on crop—no title.  24 *Ark.,* 545.
Appellee used the corn, and could not have judgment for its value.  14 *Ark.,* 427.

HARRISON, J.  Neither his lien for rent, nor his attachment for it, gave the plaintiff a right to the possession of the corn; and though there was some evidence that it had been set apart as intended for him, there was no evidence that the rent was payable in corn, or that he had accepted it, or even knew of such setting apart.

There was no evidence to sustain the verdict, and the motion for a new trial should have been granted.

Reversed and remanded.