PERRY COUNTY BANK *v.* RANKIN.

Opinion delivered January 14, 1905.

1. MORTGAGE—VERIFIED STATEMENT OF ACCOUNT.—Kirby's Digest, § 5415, providing that "before any mortgagee, trustee or other person shall proceed to foreclose any mortgage [or] deed of trust, or to replevy

under such mortgage, deed of trust or other instrument any personal property, such mortgagee, trustee or other person shall make and deliver to the mortgagor a verified statement of his account, showing each item, debit and credit, and the balance due," does not require a sworn statement of the amount of a note secured by mortgage, where no payments have been made thereon. (Page 591.)

2. SAME—LEGAL TITLE.—A mortgage deed vests in the mortgagee the legal title to the property described, subject to be defeated by payment of the debt. (Page 592.)

3. SAME—EFFECT OF ASSIGNMENT OF DEBT.—While the assignment of a debt secured by mortgage carries with it the lien, it does not carry the legal title, unless the mortgage also is assigned. (Page 592.)

4. REPLEVIN—EQUITABLE INTEREST.—A lien upon or equitable interest in personal property will not support replevin for its possession. (Page 592.)

5. COMPLAINT — ALLEGATION OF SPECIAL OWNERSHIP — DENIAL.—Where a complaint in replevin alleged special ownership in plaintiff, to-wit: the execution by defendant of a chattel mortgage and ownership by plaintiff of such mortgage and the note secured thereby, defendant must, in order to put in issue the allegations of such special ownership, deny specifically the allegations of fact upon which the claim of ownership is based. (Page 594.)

Appeal from Perry Circuit Court.

ROBERT J. LEA, Judge.

Affirmed.

*Sellers & Sellers,* for appellant.

If there is any evidence to uphold a theory, it is the right of the litigant to have the jury pass upon it. 50 Ark. 545; 33 Ark. 350; 35 Ark. 147; 36 Ark. 451; 39 Ark. 491; 62 Ark. 63. Assignment of a negotiable instrument cuts off all defenses by the maker. Sand. & H. Dig. § 492; 31 Ark. 20, 128; 40 Ark. 545; 36 Ark. 228; 41 Ark. 242, 418; 42 Ark. 22; 53 Ark. 523. The presentation of the verified account showing the amount due was waived. 37 Ark. 499; 67 Ark. 219; 32 Ark. 593. If the suit was improperly brought at law, the error was waived by a failure to point it out and have the same properly transferred. Sand. & H. Dig. § § 5615-17; 26 Ark. 60; 27 Ark. 585;

31 Ark. 422; 32 Ark. 562; 37 Ark. 184; 46 Ark. 165, 527; 49 Ark. 20; 51 Ark. 257; 52 Ark. 126, 411; 42 Ark. 100. The testimony of Rankin as to the consideration of the notes was improper. 24 Ark. 210; 25 Ark. 191, 309; 30 Ark. 603; 46 Ark. 135.

*George M. Heard* and *F. L. McCain,* for appellee.

Appellant had no right to the mortgage, and could not maintain replevin for the stock. Boone, Mortg. § 90; 33 Ark. 486; 53 Ark. 185; Jones on Mort. § § 817, 818.

McCULLOCH, J. This is a suit in replevin by appellant against appellee for recovery of possession of personal property conveyed by chattel mortgage executed by appellee to one Stone to secure a note for sum of $100, which was assigned to appellant by Stone before maturity as collateral security for a loan of money. The note was assigned by proper indorsement thereon, but there was no assignment of the mortgage.

The court directed the jury to return a verdict for appellee, because appellant failed, before the commencement of the suit, to furnish appellee a verified statement of the amount secured by the mortgage.

1. The statute regulating foreclosure of mortgages provides as follows: "Before any mortgagee, trustee or other person shall proceed to foreclose any mortgage, deed of trust, or to replevy under such mortgage, deed of trust, or other instrument, any personal property, such mortgagee, trustee or other person shall make and deliver to the mortgagor a verified statement of his' account, showing each item, debit and credit, and the balance due." Kirby's Dig. § 5415.

Does this statute require a sworn statement of the amount of a note secured by the mortgage, as in this case, where no payments have been made thereon? We think not.

Construing the statute literally, it applies only to an account secured by the mortgage; and to hold that it applies to a note, without credits thereon, would be to extend it beyond the spirit and reason, as well as beyond the letter of the law. Manifestly, the Legislature intended only to require a mortgagee to furnish

a verified statement of an account under the mortgage, the amount of which is or might be in dispute, so as to give the mortgagor an opportunity, before suit, to pay the debt; and not to the single item represented by a note without credits which is fully identified in the mortgage, and about which there can be no dispute. The court, therefore, erred in holding that the furnishing of the verified statement is a prerequisite to the bringing of the suit.

2. It is contended, however, that appellant cannot maintain this suit for possession of the property for the reason that the mortgage has not been assigned, and that the legal title to the property is in the mortgagee.

It is the rule in this State that a mortgage deed conveys to and vests in the mortgagee the legal title to the property described, subject to be defeated by payment of the debt. *Fitzgerald* v. *Beebe,* 7 Ark. 310; *Kannady* v. *McCarron,* 18 Ark. 166; *Terry* v. *Rosell,* 32 Ark. 478; *Wells* v. *Rice,* 34 Ark. 346; *Whittington* v. *Flint,* 43 Ark. 504; *Danenhauer* v. *Dawson,* 65 Ark. 129. An assignment of the debt carries with it the lien secured by the mortgage. *Wilson* v. *Biscoe,* 11 Ark. 44; *Biscoe* v. *Royston,* 18 Ark. 508; *Hannah* v. *Carrington,* 18 Ark. 85; *Pullen* v. *Ward,* 60 Ark. 90. But it does not follow that an assignment of the debt conveys to the assignee the legal title to the mortgaged property. On the contrary, unless the mortgage also be assigned, or the legal title in some manner conveyed, it remains in the mortgagee as a trustee for the benefit of the holder of the debt secured thereby. Boone on Mort. § 90; 1 Jones on Mort. § § 818, 819; Jones, Chat. Mort. § 503; *Ramsdell* v. *Tewksbury,* 73 Me. 197.

In Jones on Chat. Mort. § 503, after stating the proposition that an assignment of the debt also passes the lien, it is said: "The mortgagee's legal interest does not, however, pass by his assignment of the debt. Such assignee cannot maintain replevin in his own name for the mortgaged property; though he may, in the absence of any express or implied stipulation to the contrary, bring such an action in the name of the mortgagee, who holds, in such case, the legal title in trust for such assignee's benefit." A lien upon or equitable interest in personal property will not support an action of replevin for the possession. The

plaintiff must have the legal title or right of possession. *Gates* v. *Bennett,* 33 Ark. 486; *Bell* v. *Matheny,* 36 Ark. 572; *Thatcher* v. *Franklin,* 37 Ark. 64; *Knox* v. *Hellums,* 38 Ark. 413; 1 Shinn on Replevin, § 188; *Garrett* v. *Carlton,* 65 Minn. 188; *Rice* v. *Crow,* 6 Heisk. (Tenn.), 28.

The peremptory instruction to the jury was, therefore, correct, though the court erred in the reason upon which it was based. The judgment is, however, without prejudice to appellant's right to enforce his lien in a proper proceeding not inconsistent with this opinion.

Affirmed.

ON REHEARING.

Opinion delivered March 11, 1905.

McCULLOCH, J. The complaint in this cause alleges a special ownership in the plaintiff of the property sued for, and sets forth the facts upon which the claim of ownership is based, *i. e.,* the chattel mortgage executed by the defendant, and "that plaintiff is the owner and holder of said note and mortgage for value." The answer contains no denial of the execution of the note and mortgage, nor that the plaintiff is the owner and holder thereof, but it denies generally that plaintiff is the owner or entitled to the possession of the property, and pleads payment of the note secured by the mortgage. No objection was made at the trial to the introduction of the mortgage, as evidence of plaintiff's title to the property. Was the assignment of the mortgage an issue in the case?

In replevin suits, where plaintiff claims absolute title to the property sued for, it is only necessary to allege title generally and right of immediate possession, and the answer may be equally general in its denials; but where the plaintiff claims possession under a special ownership, he must set forth the facts upon which his claim of special ownership is based. Cobbey, Replevin, § 601; 18 Enc. Pl. & Pr. pp. 537, 538; *Tuthill* v. *Skidmore,* 124 N. Y. 148; *Dryerle* v. *Hunt,* 50 Mo. App. 541; *Paxton* v. *Learn,* 55 Neb. 459; *Thompson Mfg. Co.* v. *Nicholls,* 52 Neb. 312. Where the plaintiff alleges a special ownership in the property, the

defendant must, in order to put in issue the allegations of such special ownership, deny specifically the allegations of fact upon which the claim of ownership is based.   Kirby's Dig. § 6437; Cobbey, Replevin, § § 746, 747; *Sargent* v. *Chapman,* 12 Col. App. 529, 56 Pac. 194.

Counsel for appellee urge that, under the ruling of this court in *Person* v. *Wright,* 35 Ark. 169, it is not necessary for the complaint to contain a statement of facts constituting special ownership, nor for the answer to contain a specific denial thereof.   The court in that case said:   "It was not necessary for plaintiffs to have shown in their complaint the means by which they acquired title.   It would have sufficed to allege their ownership, general or special; their right to the possession; and that defendant unlawfully detained it after demand, or was holding and using it as his own adversely to their right.   These were the material allegations necessary to show cause of action, and all that the defendant was required to answer.   He does so, and puts in issue their ownership and right to possession."   We do not think that decision is in conflict with the views expressed herein.

It follows that, as the question of the ownership of the mortgage by plaintiff, as alleged in the complaint, was not denied by the defendant in his answer, it was not an issue in the trial below, and this court erred in holding that the failure of the plaintiff to prove an assignment to him of the mortgage warranted the court below in directing a verdict for the defendant.

Therefore, the rehearing is granted, and the judgment is reversed, and the cause remanded for a new trial.