## SMITH v. JOYCE.

### Opinion delivered December 21, 1914.

MORTGAGES—EFFECT ON TITLE—CONTRACT TO SELL—PENALTY.—A mortgage is not such a conveyance by one who has executed a previous agreement to convey the same property, as will subject the mortgagor to the penalty denounced by Kirby's Digest, § § 1694 and 1695.

Appeal from Greene Circuit Court, First Division; *J. F. Gautney,* Judge; reversed.

#### STATEMENT BY THE COURT.

The complaint in this cause alleged that, on March 1, 1913, appellant executed to appellee a bond for a title, a copy of which was attached to the complaint and made an exhibit thereto, in which he agreed to convey to appellee certain lots in the city of Paragould, Arkansas, on condition that appellee should pay him $25 cash and twenty-five notes, of $15 each, the first to be due on April 1, 1913, and the balance to be due on the first of each subsequent month, and one note for $6.25 due May 1, 1915. The total sum to be paid amounted to $406.25.  Appellee paid $25 in cash, according to the terms of this contract, and, according to the allegations of the complaint, made other payments, amounting, in all, at the time the suit was brought, to $43.18.

There was no allegation that appellee had complied with his contract at the time the suit was filed further than to make the payments above stated.

The complaint further alleged that on the 26th of May, 1913, appellant and his wife made, executed and delivered to one C. A. Mack a mortgage conveying said lots as security for a loan of $1,000, made appellant by said Mack, who, at the time, had no knowledge of plaintiff's equity, and that this mortgage had been duly recorded in Greene County, and had been executed without the knowledge or consent of appellee.

It was not alleged that appellee had lost anything by reason of the mortgage that appellant had executed to Mack, nor was there any allegation of appellant's insolvency.

Appellee prayed judgment for $86.36, which was twice the amount of the payments made by him under his bond for title. Appellant filed a demurrer to this complaint, which was overruled by the court, and, appellant having refused to plead further, final judgment was rendered against him, and he duly saved his exceptions and prayed an appeal, which was granted.

*M. P. Huddleston, Robt. E. Fuhr* and *J. M. Futrell,* for appellant.

1. Sections 1694-5 of Kirby's Digest are highly penal, and should be strictly construed. 87 Ark. 411.

2. The complaint stated no cause of action. There is no allegation that Joyce had complied with his contract, and a failure to do so worked a forfeiture *ipso facto.* Appellant did not "sell and convey"—he merely *mortgaged* his equity in the land, as he had the right to do.

*R. P. Taylor,* for appellee.

1. The violation of the statute constitutes a fraud.

2. In Arkansas a mortgage transfers the legal title —hence it is a sale and conveyance. 43 Ark. 504; 65 *Id.* 132; 66 *Id.* 572; 73 *Id.* 589.

3. This is not a highly penal statute. 68 Ark. 443; 24 Atl. 831; 176 Ill. 489; 42 L. R. A. 804; 93 Ark. 45. The statute is remedial. 68 Ark. 438, and cases *supra.*

SMITH, J., (after stating the facts). This action was instituted under sections 1694 and 1695 of Kirby's Digest, which, so far as they are relevant here, read as follows:

"Section 1694. If any person shall *bona fide* sell any tract or parcel of land, and shall make any written deed, conveyance, bond or other instrument in writing, assuring the title of such land to the purchaser thereof, and shall afterward sell and convey such tract of land to any subsequent purchaser, whether the subsequent purchaser have knowledge of the previous sale or not, such person shall be deemed guilty of a misdemeanor," and fined not less than twice the value of the land so sold.

"Section 1695. Any person who shall violate * * * the preceding section shall, in addition to the above fine * * * pay to every person so by him injured or defrauded by any of the means therein mentioned, double the damages sustained by him, to be recovered by proper action."

The briefs contain an interesting discussion of the question whether the above statute is penal or merely remedial.

Appellee concedes that he could not recover if this statute was construed to be penal, and not remedial, but he insists that it is remedial in its nature and should receive a liberal construction to accomplish the purposes intended by the Legislature in its enactment.

But we think there can be no recovery in either event. There is no allegation here that appellant is insolvent, nor is there any allegation of any offer of performance on appellee's part to which appellant can not respond, and, consequently, there is no allegation that appellee has been injured or defrauded, unless the mere execution of the mortgage under the circumstances above stated constitutes an injury, or a fraud, within the meaning of the statute.

Appellee insists that a mortgage is such a conveyance of land as is comprehended within the phrase, "and shall afterward sell and convey such tract of land to any subsequent purchaser." But we do not agree with this

contention. A mortgagee is not a purchaser in the strict legal sense of that term. It is true that this court said in the case of *Perry County Bank* v. *Rankin*, 73 Ark. 589, 592, that, "It is the rule in this State that a mortgage deed conveys to and vests in the mortgagee the legal title to the property described, subject to be defeated by payment of the debt." But in whatever form it may have been executed, if it is in fact a mortgage, it is always subject to be defeated by the payment of the debt which it secures. In fact, this is a distinguishing and essential characteristic of a mortgage.

The words, "sell and convey," are defined in Words & Phrases, and it was there said: "The 'power to sell and convey' does not confer the power to mortgage." And, further, "A trust with power to sell out and out will not authorize a mortgage, and a trust for sale, with nothing to negative the seller's intention to convert the estate absolutely will not authorize the trustee to execute a mortgage." A number of cases are there cited in support of that text.

In the case of *St. Louis Land & Building Assn.* v. *Fueller,* 81 S. W. 414, the Supreme Court of Missouri had occasion to define the phrase, "sell and convey," and it was there said:

"They (counsel) urge that the terms of the grant of power, 'to sell and convey,' should have been followed by the terms, 'in fee.' This suggestion is answered by the fact that the terms, 'sell and convey,' when applied to real estate, mean, in the absence of appropriate expressions in the instrument itself limiting and restricting such general acceptance of the meaning of such terms, a conveyance in fee; hence it follows that the addition of the words 'in fee' would give no additional force to the words used in the deed before us. The intention to authorize the conveyance of the entire estate, by the use of the terms in the grant of power, 'to sell and convey,' is made clear when considered in connection with the statute, which expressly declares the nature and character of title vested by a conveyance of real estate. The learned counsel for

respondents very aptly applied the statute.'' It is stated thus: ''The Goff deed is dated February 4, 1874. The statute then provided that '* * * every conveyance of real estate shall pass all the estate of the grantor therein, unless the intent to pass a less estate shall expressly appear, or be necessarily implied in the terms of the grant.' That statute is in full force and effect today. 1 Rev. St. 1899, p. 1096, section 4590.''

The above section of the Missouri statutes which is quoted in part is so similar to section 733 of Kirby's Digest, which section relates to the construction of conveyances, as to suggest that, if our statute was not copied from the Missouri statute, it was, at least, drawn to conform with it.

We conclude, therefore, that a mortgage is not such a conveyance, by one who has executed a previous agreement to convey, as subjects the mortgagor to the penalty of the statute.

As has been said, there is no allegation of any tender of performance on appellee's part, nor of any refusal or failure to respond on appellant's part; nor that appellee has been injured or defrauded, except by the fact of the execution of the mortgage.

The judgment of the court below is, therefore, reversed and the cause will be remanded with directions to sustain the demurrer.