Van Pelt v. Russell, Administrator.

Russell, Administrator, v. Van Pelt.

Opinion delivered April 29, 1918.

1. Mortgages—foreclosure—right of receiver.—Where a mortgagor refuses to attorn or to give up possession, a receiver appointed by authority of Kirby's Digest, section 6354, to take possession of the land in a foreclosure of the mortgage, must apply to the court to have his orders enforced in a summary way, and where he fails to do so, he can not enforce a landlord's attachment.

2. Chattel mortgages—foreclosure—statement of account.— Where the mortgagor gave a chattel mortgage on personalty as additional security to a mortgage on land, and the latter mortgage is foreclosed, and a deficiency on the debt is left, the mortgagee may replevy the personal property, without giving a verified statement of his account as required by Kirby's Digest, section 5415.

Appeals from White Circuit Court; J. M. Jackson, Judge; reversed.

*J. N. Rachels,* for appellant Van Pelt.

1.   Russell as receiver had no authority to maintain the attachment suit. Kirby's Digest, § § 6342, 6355-6; 71 Ark. 17-24.

2.   He was entitled to his repairs. 36 Ark. 17-35.

3.   A mortgagor is entitled to the use of the land until dispossessed.   36 Ark. 29.

4.   The relation of landlord and tenant must exist. 57 Ark. 215; 61 *Id.* 515, 519; 93 *Id.* 215; 221; 68 *Id.* 584; 97 *Id.* 262; 119 *Id.* 543, 549.

5.   The law forbids the splitting of accounts.  1 R. C. L. 358, 341, § 22; 125 Ark. 400.

6.   A verdict should have been directed, as no verified statement of account was rendered appellee. Kirby's Digest, § 5415, etc.

*Brundidge & Neelly,* for Russell, administrator and receiver.

1.   No itemized and verified statement of account was necessary.   73 Ark. 591.

2.   The receiver was entitled to recover the rents. Kirby's Digest, § § 6354, 6357.

### STATEMENT OF FACTS.

Different issues are involved in the appeals in these two cases, but, inasmuch as they arise from the same transaction and are dependent upon the same facts, one statement of facts will suffice for both cases, and the opinions may be written together.

In December, 1912, J. B. Van Pelt, being indebted to D. M. Doyle in the sum of $2,000, executed his note therefor and to secure the payment of said note he executed a mortgage on 200 acres of farm land in White County. At the same time, to further secure the note, he executed a mortgage to Doyle on certain personal property.  In July, 1913, D. M. Doyle departed this life intestate.  In October, 1915, T. J. Loudermilk, the administrator of the estate of D. M. Doyle, deceased, brought suit in equity against J. B. Van Pelt to foreclose the mortgage on the real estate.  In a short time thereafter H. D.

Russell, who had married the widow of D. M. Doyle, was appointed administrator in succession of the estate of D. M. Doyle, deceased, and was substituted as the plaintiff in the foreclosure suit. In April, 1916, Russell was appointed receiver in the foreclosure suit and ordered to take charge of the land involved therein. He was directed to rent the land, to collect the rents therefrom, and to make his report thereof to the chancery court at its December term. J. B. Van Pelt was in possession of the land. Russell went to him and demanded possession of the land or that he pay him rent therefor. Van Pelt refused to deliver him possession of the land and also refused to pay him rent. He claimed that he was entitled to the possession of the land himself. Every time Russell approached Van Pelt on the subject, Van Pelt told him that the land belonged to him, and that he would not pay him any rent.

In October, 1916, the chancery court rendered a judgment in favor of the plaintiff in the foreclosure suit for the sum of $3,100 against Van Pelt and also decreed that the land be sold for the payment thereof. On the 21st day of October, 1916, H. D. Russell, as receiver, instituted a suit in the circuit court against Van Pelt to recover $300 alleged to be the amount of rent due on the land for the year 1916, and asked that a landlord's attachment be issued and levied on the crop. In February, 1917, there was a sale of the land under the foreclosure decree and the land was bid in by Russell for the sum of $2,150.

About the first of June, 1917, H. D. Russell, as administrator of the estate of D. M. Doyle, deceased, instituted an action in replevin against Van Pelt to recover possession of the personal property embraced in the chattel mortgage for the purpose of foreclosing it for the balance due on the mortgage indebtedness.

In the landlord's attachment suit the circuit court was of the opinion that the plaintiff was entitled to a verdict and instructed the jury to find for him in what-

ever amount the proof showed the value of the rent to be for the year 1916.

In the replevin case the court was of the opinion that a verdict should be directed in favor of the defendant for the reason that an itemized account had not been made and delivered to the defendant by the plaintiff before the suit was brought.

Both cases are here on appeal.

HART, J., (after stating the facts). In the attachment case the record shows that an application was made for the appointment of a receiver to take charge of the land involved in the foreclosure suit; that H. D. Russell was appointed as such receiver for the purpose of renting the land and collecting the rents therefrom. These facts are shown by the order appointing him as receiver. The record also shows that he entered upon the discharge of his duties as such receiver and demanded that Van Pelt should pay him the rent for the land for the year 1916: that Van Pelt was in possession of the land and refused to pay rent therefor to Russell. In October, 1916, Russell commenced an action against Van Pelt to recover the land and an attachment was levied upon the crop grown by Van Pelt on the land.

Counsel for Van Pelt rely upon the case of *Brickey* v. *Cotter, Admr.*, 119 Ark. 543, and other cases of like character, for a reversal of the judgment in the attachment case. The facts in the two classes of cases are not analogous. In the case referred to, the mortgagor remained in possession until after the sale in the foreclosure suit, and no effort was made by the mortgagee, until after such sale, to collect the rents. The court held that they were not entitled to the rents by virtue of their purchase at the foreclosure sale. In the present case the receiver was appointed under section 6354 of Kirby's Digest. That section provides that in an action by a mortgagee for a foreclosure of a mortgage, and the sale of the mortgaged property, a receiver may be appointed where it appears that the property is probably insufficient to discharge the

mortgage debt, or for other causes not necessary to mention here.

Russell was appointed by the chancery court under the provisions of this section of the statute. He had the right, and it was his duty, under the order of the court appointing him as receiver, to take possession of the mortgaged premises for the purpose of renting them out. When possession was withheld by Van Pelt, or he refused to attorn to Russell, the court upon proper application might have interfered in a summary way and enforced its orders. 34 Cyc. 204. So when Van Pelt refused to deliver the mortgaged premises to Russell, or to attorn to him, Russell should have applied to the court to compel Van Pelt to do so. Not having done this, he was not entitled to bring an action to enforce a landlord's attachment. There was no relation of landlord and tenant created by the order appointing Russell receiver of the mortgaged premises and directing him to take charge thereof and to collect the rents therefrom. To create the relation of landlord and tenant between them, there must either have been a valid contract between the parties to that effect, or an order of the court directing Van Pelt to attorn to Russell, followed by acquiescence therein on the part of Van Pelt. See *Love* v. *Cahn*, 93 Ark. 215. The reason is, that the relation of landlord and tenant is always created by contract, either express or implied; and it will never be implied when the acts and conduct of the parties are inconsistent with its existence. 16 R. C. L. section 13, page 541.

In the instant case, as we have already seen, the receiver never got possession of the land and Van Pelt not only refused to attorn to him but claimed the right to hold the land until evicted under an order of the court. Therefore the court erred in directing a verdict for the plaintiff.

In the replevin suit but little need be said. In that case the court directed a verdict in favor of the defendant because the plaintiff had not complied with section 5415 of Kirby's Digest relating to foreclosures under chattel mortgages. The section provides that, before any mort-

gagee shall replevy under his mortgage on personal property, such mortgagee shall make and deliver to the mortgagor a verified statement of his account showing each item, debits and credits, and the balance due.

It appears from the record that the chattel mortgage was given for better security of the indebtedness secured by the mortgage on real estate. In the foreclosure proceedings on the real estate mortgage, it was adjudged that the mortgage indebtedness was $3,100, and judgment was rendered in favor of the mortgagee against the mortgagor for that amount. The land sold for $2,150 at the foreclosure sale. This left a deficiency which the mortgagee had a right to have paid or satisfied by a foreclosure of the chattel mortgage. No useful purpose could have been served by the rendition of an account; for as we have just seen the amount of the mortgage indebtedness has been adjudicated in the foreclosure proceedings on the real estate mortgage.

The facts bring the case squarely within the rule announced in *Perry County Bank* v. *Rankin,* 73 Ark. 589, and no verified statement of account under the statute was required. It appears from the record that the chattel mortgage was given as additional security for the mortgage indebtedness. The mortgagee had a right to first foreclose his mortgage on the land, and, when it did not sell for enough to satisfy the mortgage indebtedness, to foreclose his mortgage on the chattels.

It follows that the judgment in each case must be reversed and the cause will be remanded for a new trial.