MOORE *v.* PRICE.

4-3450

Opinion delivered April 23, 1934.

*A. J. Johnson* and *Clary & Ball,* for appellant.

*R. W. Wilson,* for appellees.

MEHAFFY, J.   On April 11, 1932, the appellant, I. E. Moore, filed suit in the Lincoln Chancery Court, alleging that the appellees, J. P. Price, Lonie Price and A. J. Price were indebted to appellant in the sum of $13,111.67, evidenced by two promissory notes, one dated January 9, 1930, for $9,251.79, payable on November 1, 1931, bearing interest at 10 per cent. from date until paid and the other note dated May 22, 1931, due November 1, 1931, for the sum of $439.26 with interest at 10 per cent. from maturity, this last note being executed by J. P. Price; and a verified account for merchandise for the balance of the $13,111.67.   To secure the payment of the indebtedness, J. P. Price and Lonie Price executed a mortgage on real estate and personal property.

Appellees had delivered to appellant 93 bales of cotton, worth approximately $3,000, to be credited on the indebtedness.

It was also alleged that practically all the personal property mentioned in appellant's complaint and covered by the mortgage sued on had been moved off the premises, and that the crops were being disposed of by appellees, and that all of the security was insufficient to pay the indebtedness.

It was also alleged that the appellees were insolvent and had no other property with which to meet their obligation; that they were fast exhausting their resources, making it entirely impossible for the appellant to collect his indebtedness.   Appellant prayed judgment for the amount due him, for a foreclosure of his mortgage, and

that a receiver be appointed to take charge of the property covered in the mortgage.

Appellant also, on April 11, gave notice to the appellees that he would, on April 14th at 10 o'clock A. M., apply to the Lincoln Chancery Court for the appointment of a receiver. On April 14th the appellees filed a demurrer to that part of the complaint asking for the appointment of a receiver. The chancellor heard the application for the appointment of a receiver, and denied the petition, and refused to appoint a receiver, under the authority of act 253 of the Acts of the General Assembly of 1931.

Thereafter, on April 18th, while the suit to foreclose the mortgage on the property was pending in the chancery court, appellant brought a suit in replevin in the circuit court of Lincoln County, for the same personal property. A demurrer and answer were filed to the complaint in the circuit court. In the answer appellees moved that the cause in the circuit court be transferred to the chancery court and consolidated with the foreclosure suit. This motion of appellees was granted, and the cause transferred to the chancery court.

When the suit was brought in the circuit court, appellant gave bond, and an order of delivery was issued and served. The appellees executed a bond and retained possession of the property.

There is no dispute about the indebtedness, and it is unnecessary to set out the evidence. After a hearing, the chancery court gave judgment in favor of the appellant against the appellees for $10,787.18. This was the amount found by the court to be due after giving appellees credit for the 93 bales of cotton, and said judgment was declared by the court to be a first lien on the real and personal property described in the mortgage. The lands were ordered sold, and the personal property, at the value fixed by the court, was delivered to the appellant.

The appellant claimed that he was entitled to the usable value of the personal property or rent on the personal property during the time it was kept by appellees after the replevin suit was begun. A petition was filed by appellant, alleging that appellees had refused to de-

liver the following personal property: "First: 1 disc harrow and disc plows valued at $200. Second: Corn valued at $100. Third: Cotton seed valued at $20. Fourth: Hay valued at $30."

The chancellor then rendered a final decree, holding that at the time the property was rebonded there were 100 bushels of corn of the value of $50 and no cotton seed, and $30 worth of hay, making $80, and gave judgment for that amount. The chancellor also found that the disc harrow and plows were tendered to appellant, and that he declined to accept them.

The case is here on appeal, and the appellees prosecute a cross-appeal as to that part of the decree giving judgment for $80 for the corn and hay.

Appellant first contends that he had a right under §§ 7403, 7410 and 8654A of Crawford & Moses' Digest to prosecute his suit in replevin. He contends also that the mortgagee is the holder of the legal title and can maintain replevin on default. He cites and relies on *Perry County Bank* v. *Rankin,* 73 Ark. 589, 84 S. W. 725, 86 S. W. 279, and *Van Pelt* v. *Russell,* 134 Ark. 236, 203 S. W. 267. The statute itself settles this question. It reads as follows: "In the absence of stipulations to the contrary, the mortgagee of personal property shall have the legal title thereto and the right of possession."

The mortgagee has the legal title, and, because of that, may bring a suit in replevin, but that is not for the purpose of getting possession of and keeping the personal property, but it is only to get possession for the purpose of selling under the power in the mortgage. The mortgage contains a power of sale, and the mortgagee could, under that mortgage, have brought replevin, obtained possession of the property for the purpose of selling it under the power in the mortgage. He could have sold both the real property and the personal property under the power of sale in the mortgage.

Where a mortgagee brings replevin for personal property on which he has a mortgage, the only purpose of the replevin suit is to obtain possession for the purpose of selling it. This might have been done; the mortgagee might have pursued this remedy, but he elected to bring

his suit to foreclose not only on the real property, but the personal property also. When this suit to foreclose was brought, the chancery court acquired jurisdiction as to both the real and personal property. The appellant realized that the chancery court had jurisdiction as to all the property, and made application to the chancery court for the appointment of a receiver. If his petition for the appointment of a receiver had been granted, he, of course, would not contend that he could then go into circuit court and bring replevin for the property; and he could not do so when the chancery court denied his petition for a receiver.

A mortgagee has three remedies, either one of which he may pursue. He may bring a suit at law on the notes or accounts, or he may advertise and sell under the power of sale in the mortgage, or he may bring a suit to foreclose in chancery court. But when chancery court acquires jurisdiction, it has the right to conduct the matter to an end, and decide all matters involved in the chancery suit.

We recently said: ''Circuit courts and chancery courts are of equal dignity; and in cases where there is concurrent jurisdiction, the court that first acquires jurisdiction has the right and jurisdiction to conduct the matter to an end without interference of another court of equal dignity.'' *Wright* v. *LeCroy*, 184 Ark. 837, 44 S. W. (2d) 355.

The rule is stated in Corpus Juris as follows: ''Where two actions between the same parties on the same subject and to test the same rights are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy, and no court of co-ordinate power is at liberty to interfere with its action. This rule rests upon comity and the necessity of avoiding conflict in the execution of judgments by independent courts, and is a necessary one because any other rule would unavoidably lead to perpetual collision and be productive of most calamitous results.'' 15 C. J. 1134.

Bailey on Jurisdiction, page 61, states: "In the distribution of powers among courts it frequently happens that jurisdiction of the same subject-matter is given to different courts. Conflict and confusion would inevitably result unless some rule was adopted to prevent or avoid it. Therefore it has been wisely and uniformly determined that whichever court, of those having such jurisdiction, first obtains jurisdiction, or, as is sometimes said, possession of the cause, will retain it throughout to the exclusion of another." The same rule is announced in "Courts and Their Jurisdiction" by Works, pages 68 and 69.

There is no question here about the power of the chancery court being adequate to administer complete justice. If the chancery court had appointed a receiver, it would have been entirely satisfactory to the appellant. It had the power to do this, the power to give adequate and complete justice, and its jurisdiction was invoked for that purpose, but the chancery court decided that a receiver should not be appointed. It had ample means to protect the property, and appellant finally did get all the property through the order of the chancery court.

There is no dispute about the indebtedness and the mortgage. The appellant, however, contends that he is entitled to $25 for each of the mules retained by the appellees when they gave the bond to retain the property. This question of the right to the possession of the property, and the right to have a receiver appointed, were both questions properly before the chancery court, and decided by that court on the facts introduced in evidence, and we think the chancellor's finding is supported by the evidence.

Appellees prosecute a cross-appeal in which they urge that the judgment for $80, for corn and hay, be reversed. We think, however, that the finding of the chancellor on this question is also supported by the evidence.

It follows from what we have said that the judgments must be affirmed both on appeal and cross-appeal. It is so ordered.