BEESON *v.* CHAMBERS, CHANCELLOR.

4-4258

Opinion delivered February 17, 1936.

*Charles W. Mehaffy,* for petitioners.

*Evans & Evans,* for respondent.

SMITH, J. S. H. Kincannon & Sons executed a chattel mortgage to the Bank of Magazine to secure an indebtedness of $1,800 due the bank. The Kincannons are residents of Booneville, and the mortgage was recorded in Logan County, in which county the towns of Magazine and Booneville are both located. The debt secured by the mortgage was not paid, and suit was brought December 24, 1934, in the chancery court for the Southern District of Logan County, of which district of the county the mortgagors were still residents when the suit was filed. A receiver was appointed who qualified as such and took possession of the mortgaged property. On December 31, 1934, he filed with the court an

inventory of the property of which he had taken possession.

On June 19, 1935, the plaintiff bank filed an amendment to its complaint with a petition for a citation for contempt of court. This pleading alleged that E. W. Beeson, acting for the Beeson-Moore Stave Company, a domestic corporation of which he was president, had taken into his possession and had converted to his own use, and that of the stave company, the heading covered by the mortgage from the Kincannons, of which the receiver had taken possession, under order of the court. It was prayed that Beeson and the stave company be made parties defendant, and that a citation issue against Beeson requiring him to show cause why he should not be cited for contempt in taking, removing and appropriating property in the custody of the court through its receiver. Beeson is a resident of Pulaski County, and the stave company has its office and place of business in that county.

Summonses were issued against Beeson and the stave company on this amendment to the complaint, and they were both served in Pulaski County. Separate motions were filed by Beeson and the stave company to quash this service, which motions were overruled by the chancery court; whereupon a petition was filed in this court to prohibit the Logan Chancery Court from proceeding further upon this amended complaint.

The relief here prayed is asked upon the ground that the chancery court of Logan County has no jurisdiction of the subject-matter, or over the persons of the petitioners herein, upon the service of the process had upon them. In other words, having been served with process in Pulaski County, they cannot on that service be made parties to the pending suit in Logan County for the reason that there is no joint liability between them and the original defendants in the foreclosure suit. The argument is that the foreclosure suit is one action and a suit for the conversion of the mortgaged property is another and a separate action, and, there being no joint liability, the respective defendants must be separately sued and service must be had upon these petitioners

where the one. resides, and the other has its place of business.

We do not concur in this view. The chancery court of Logan County had jurisdiction of the foreclosure suit. Section 1176, Crawford & Moses' Digest. As an incident to this jurisdiction, it had the power to appoint a receiver to take charge of the mortgaged property, and this had been done. Section 8612, Crawford & Moses' Digest. This is a transitory action, and was brought in the county where all the mortgagors reside and were served with process. The chancery court was exercising a jurisdiction which it clearly has. Beeson and his corporation have interfered with this jurisdiction by converting the subject-matter thereof. By so doing they became subject to the jurisdiction of the Logan Chancery Court under the service of process had upon them.

The chancery court has the inherent power to preserve its dignity and to enforce its jurisdiction. It had jurisdiction to foreclose the chattel mortgage; and the proper and requisite service had been had upon the mortgagors to exercise this jurisdiction, and the court had taken the subject-matter of the litigation into its custody through its receiver. This jurisdiction could not be defeated by the asportation and conversion of the subject-matter of the litigation and the wrongdoer stepping over a county line. The court had power, having properly acquired jurisdiction of the subject-matter, to direct its process to any part of the State for service, for the purpose of preserving that jurisdiction. It has been held in many cases, one of the latest being that of *Moore v. Price,* 189 Ark. 117, 70 S. W. (2d) 563, that: "When a chancery court acquires jurisdiction, it has the right to conduct the matter to an end, and decide all matters involved in the chancery suit."

In Clark, on the Law of Receivers, vol. 1, § 626 (2d ed.) it is said: "It would be a vain thing for a court to appoint a receiver and make orders affecting parties and affecting the property in the custody of the court, unless the court had power to enforce such orders. * * * No rule is better settled than that when a court has appointed a receiver, his possession is the possession of

the court for the benefit of the parties to the suit, and all concerned and can not be disturbed without leave of court, and that if any person without leave intentionally interferes with such possession, he necessarily commits a contempt of court, and is liable to punishment therefor. * * * There is no question but that the court will not permit a receiver appointed by its authority, and who is therefore its officer, to be interfered with or dispossessed of the property he is directed to receive by any one.''

For the reasons herein stated, the prayer for prohibition to the Logan Chancery Court must be denied, and it is so ordered.