Marks vs. McGehee.

## MARKS vs. McGEHEE.

1. REPLEVIN: *Judgment in for mortgaged property.*

The circuit court should not order a sale of the mortgaged property recovered by a mortgagee in an action of replevin.

2. USURY: *Mortgage or note containing, void in toto. Not cured by crediting the usury.*

A mortgage or note in part usurious is void *in toto;* but a valid debt included in the note stands upon its original merits.

A mortgage given to secure a usurious note can not be validated by crediting the note with the amount of the usury.

APPEAL from *Dorsey* Circuit Court.

Hon. MET L. JONES, Special Judge.

*Rousseau,* for appellant.

*Elliott, contra.*

EAKIN, J. This is an action of replevin, brought by Mrs. McGehee. a sole trader, against Marks, to obtain possession, after default, of personal property, mortgaged to her by the latter, with power of sale, to secure the pay-

ment of a note for $253, dated March 15, 1878, and due the first of November following; and also to secure subsequent advancements to the extent of $100. The complaint sets forth the terms of the mortgage, and a description of the property. There was an order for delivery, and defendant gave bond to retain.

The answer set up usury in the note and in the contract for future advances, which were largely in money.

The cause was tried by the court sitting as a jury. His Honor found as facts that the note was usurious, but the account was not; and adding to the account some pre-existing indebtedness included in the note, found due the plaintiff, on the mortgage, the sum of $196.09.

Judgment was rendered in favor of plaintiff for possession of the mortgaged property, which she was directed to sell according to the terms of the mortgage for the amount so found due. A motion for a new trial was overruled and an appeal taken.

1 REPLEVIN: Judgment in for mortgaged property. As a matter of practice, no order of sale should have been made. The action was simply to enforce plaintiff's right to take possession, under the terms of the mortgage. If that had been valid, and any part of the debt had remained unpaid, the court should simply have put plaintiff in possession, which she would have then held under the mortgage and her sale would have been *in pais*, and not as commissioner of the court. There was no prayer for foreclosure, nor could be any in an action of replevin. If she had afterwards abused the possession, or refused to allow defendant to redeem, the latter would have had a remedy in chancery.

2. USURY: Mortgage or note containing. The meritorious question presented, concerns the validity of the mortgage. The evidence shows that the note was usurious, and that the execution of it and the mort-

gage were on the same day, and all making one transac-
tion, with the agreement for further advances. *Non con-
stat* that plaintiff would have agreed to the advances,
but for the execution of the note and mortgage. The cir-
cuit judge endeavored by his findings and rulings to sepa-
rate the note from the account; and the former debt, in-
cluded in the note, from the new and usurious part, and
seems to have considered that the mortgage might stand
for such parts of the indebtedness as could be distinguished
from those that were usurious.

The statute is very broad and imperative. After pre-
scribing the maximum per centage of interest, it proceeds
(see p. 146, acts of '74–5): ''All bonds, bills, notes, assur-
ances; conveyances, and all other contracts or securities
whatever, whereupon or whereby there shall be reserved,
taken or secured, or agreed to be taken or reserved any
greater sum or greater value for the loan or forbearance
of any money, goods, things in action, or any other val-
uable thing than is prescribed in this act, shall be void.''

The note itself was avoided *in toto*, notwithstanding its
inclusion of a previous valid debt. (*Juckson v. Packard, 6*
*Wendell, 415.*) The latter stood upon its original merits.
The mortgage was a conveyance and a security, and by it
a greater sum or value was attempted to be secured than
was allowed by law. That, by force of the statute made
it void; and the court could n >t convert it into an instru-
ment of different terms, so as to make it stand as a surety
for the sums, from which the usury could be eliminated.
The transaction was a whole thing, void in itself, but not
affecting existing debts, either to invalidate or secure them.

It appears that the complainant had indorsed a credit
on the note, with the purpose of remitting the usurious
excess. This could not give vitality to the mortgage,

*[margin note: Void in toto.]*

*[margin note: Not cured by crediting the usury.]*

which was void in its inception, nor did any future advances, although untainted with usury, have that effect. The mortgage, as now appears, was null, and gave no right to the possession of the property. The good debts stand on their original footing, with only such securities as appertain to them, independent of the mortgage.

For error in refusing a new trial, reverse the judgment, and remand the cause for further proceedings consistent with this opinion.

