ATKINSON *v.* BURT.

Opinion delivered May 14, 1898.

1. MORTGAGE—ENFORCEMENT—FURNISHING STATEMENT OF ACCOUNT.— Under the statute which provides that, before any mortgagee shall proceed under his mortgage to replevy personal property, he "shall make and deliver to the mortgagor a verified statement of his account," etc. (Sand. & H. Dig., § 5110), the failure of a mortgagee to deliver such a statement before bringing replevin for mortgaged personal property is matter of defense merely in that suit, and will not invalidate the proceeding on collateral attack. (Page 318.)

2. SAME—VALID AND USURIOUS DEBTS.—Where a mortgage is given to secure two distinct and separate debts, one of which is usurious and the other free from usury, the mortgage stands as security for the debt that is unimpeachable for usury. (Page 319.)

3. INSTRUCTION—MORTGAGEE IN POSSESSION.—It is error to instruct the jury that if a mortgagee obtained possession of the mortgaged chattels by means of a writ of replevin issued by a justice of the peace not having jurisdiction, his subsequent possession was also unlawful, since he was entitled to possession, though the manner of obtaining it may have been unlawful. (Page 319.)

4. ACCOUNT RENDERED—BURDEN OF PROOF.—While the rendering of an account may be considered an admission of its correctness, it is error to instruct the jury that an account rendered is *prima facie* correct, and that the burden is on the party rendering it to impeach its correctness. (Page 319.)

5. EVIDENCE—BOOK ENTRIES.—Entries in a book of accounts are not admissible until it is shown that the book was correctly kept, and that the entries therein were contemporaneous with the facts recorded. (Page 319.)

Appeal from Lincoln Circuit Court, Star City District.

JOHN M. ELLIOTT, Judge.

STATEMENT BY THE COURT.

Burt sued Atkinson and others for taking from his possession some cotton, corn, two horses and a wagon, and other personal property. Atkinson answered, denying that he wrong-

fully took the property, but said that he had a mortgage upon it to secure a debt of $484.49, and that Burt delivered the property to him voluntarily. The other defendants filed general denials. Burt replied, setting up that the debt was usurious.

After hearing the testimony in the case, the court gave to the jury, at the instance of the plaintiff, the following instructions:

"(1) The court instructs the jury that if they find from the evidence that defendant, J. G. Atkinson, had a mortgage on the property in controversy, and obtained possession of said property under and by virtue of the order of delivery issued by defendant, Adams, as justice of the peace, without first having rendered to the plaintiff, Burt, a duly itemized account of all the transactions under said mortgage and between them, verified by the affidavit of said Atkinson, the jury will find for the plaintiff, and assess his damages at such sum as they may believe to be the value of the property so converted.

"(2) If the jury find from the evidence that any portion of the debt secured by the mortgage and account made thereunder was usurious, and more than ten per cent. interest per annum was demanded, received or charged by the defendant, Atkinson, they will find for the plaintiff, and assess his damages at the value of the property alleged to be converted.

"(3) If the jury find from the evidence that the suit instituted in the justice court was for the recovery of property of a greater value than $300, and the defendants obtained possession of said property under the writ of replevin issued in said suit, then such writ could not justify the defendants, or any one of them, in taking possession of such property, and their possession was unlawful and wrongful.

"(4) If the jury believe from the evidence that the defendant, Atkinson, rendered plaintiff an itemized and stated account of the transactions between them, then the burden of proof devolves on the defendant, J. G. Atkinson, to show, by a preponderance of the testimony, that there was a mistake or fraud in the statement so rendered."

*Rose, Hemingway & Rose,* for appellants.

It was error for the court to refuse to allow appellant to

introduce his account books in evidence. 1 Whart. Ev. § 678; 10 Ark. 398. It was error to charge the jury that they should find for the defendant, if they found that plaintiff had failed to file an itemized account before suing. Sand. & H. Dig., § 5110. This tends to work a forfeiture, which is not favored by the law. Endlich, Int. Stat. § 341. The mere rendering of an account is only an admission, whose weight is to be determined by the jury. 1 Am. & Eng. Enc. Law, 111; 1 Greenl. Ev. §§ 202, 209. A mortgagee is entitled to possession, and, even where it is acquired under a process void for want of jurisdiction, such possession is not unlawful. 18 Ark. 166; 43 *id.* 504, 519; 42 Ark. 242. The mortgagor's only remedy is to redeem. 34 Ark. 346. It was error to instruct the jury that if part of the indebtedness secured by the mortgage was usurious, the entire mortgage was void. 53 Ark. 538; 39 *id.* 326. Even if appellant got possession wrongfully, he is entitled to collect his debt. 51 Ark. 19; 57 Ark. 87.

*D. H. Rousseau,* for appellee.

Appellant was not entitled to have his account books in evidence. 10 Ark. 389; 57 Ark. 402. Appellant brought suit in a court having no jurisdiction; therefore, he became a trespasser, and his conversion of the property was wrongful. 36 Ark. 268. The mortgage was void because the debt was usurious in part. 32 Ark. 346; 35 Ark. 217. Appellant's books were worthless to establish anything, and he should not even have been permitted to use them to refresh his memory. 2 Rice, Ev. 827b, 834–835. The account rendered by appellant was binding on him and the burden is on him to show any mistake therein. 2 Rice, Ev. 837b; 1 Am. & Eng. Enc. Law (2 Ed.), 460.

HUGHES, J., (after stating the facts.) The first instruction is erroneous. By failing to furnish Burt, the appellee, with an itemized, verified statement of his account before bringing suit, the appellant, Atkinson, did not forfeit his debt secured by the mortgage given by the appellee, Burt, to secure its payment. The statute imposes no such forfeiture for such a failure. The statute is as follows: "Before any mortgage, trustee or other person shall proceed to foreclose any mortgage,

deed of trust, or to replevy under such mortgage, deed of trust or other instrument, any personal property, such mortgagee, trustee or other person shall make and deliver to the mortgagor a verified statement of his account, showing each item, debit and credit, and the balance due. *Provided* if the mortgagor disposes, or attempts to dispose, of any of the property mortgaged, or absconds, or removes from the county, such statement shall not be necessary." Sand. & H. Dig., § 5110. This might have been pleaded to a suit to foreclose, or to a suit for the possession of the property. But it could not work a forfeiture of the appellant's mortgage, or cause the loss of the debt secured thereby.

The second instruction is erroneous, because it told the jury that, if any part of the indebtedness secured by the mortgage was usurious, the entire mortgage was void. The mortgage was made to secure future advances, as well as a note given for advances prior to its execution. They were distinct and separate debts. One might be usurious, and the other free from usury. The mortgage would stand as security for the debt unimpeachable for usury.* *Riggan* v. *Wolf*, 53 Ark. 538; *Lund* v. *Fletcher*, 39 *id*. 326.

The third instruction is erroneous, because by it the jury were told that, if the justice had no jurisdiction, the writ could not justify the seizure, and Atkinson's possession was unlawful; thus ignoring Atkinson's right to possession under his mortgage, because the manner of obtaining it was wrong. He was entitled to possession, and, though the manner of obtaining it may have been wrong, his possession itself was not unlawful. *Kannady* v. *McCarron*, 18 Ark. 166; *Whittington* v. *Flint*, 43 *id*. 504, 519; *Jones* v. *Horn*, 51 Ark. 29; *Cocke* v. *Cross*, 57 Ark. 87.

The fourth instruction is erroneous, because it told the jury, in effect, that the account furnished Burt by Atkinson

---

*NOTE BY THE REPORTER. It was held otherwise in *Marks* v. *McGehee*, 35 Ark. 217, 219, where the court, per Eakin, J., said: "The mortgage was a conveyance and a security, and by it a greater sum or value was attempted to be secured than was allowed by law. That, by force of the statute, made it void, *and the court could not convert it into an instrument of different terms, so as to make it stand as a surety for the sums from which the usury could be eliminated*. The transaction was, as a whole thing, void in itself."

was *prima facie* correct, and that the burden was on Atkinson to impeach its correctness. The merely rendering an account might be considered an admission that it was correct, to be considered by the jury for what it was worth, but it does not make *prima facie* proof of its correctness.

An objection was made to the introduction of Atkinson's mercantile books as evidence, which was overruled, but should have been sustained, because no foundation was laid for their introduction. This, however, was in favor of the appellant, and he could not complain of it. But, as the case must be reversed and remanded for errors in the instructions as above indicated, we mention this. Before allowing the entries in the book to be read, the court should have required a showing that the book was correctly kept, and that the entries therein were contemporaneous with the facts recorded. *Railway Co.* v. *Murphy*, 60 Ark. 342.

For errors in giving the instructions as above set out, the judgment is reversed and the cause is remanded for a new trial.