## LAWHON v. CROW.

Opinion delivered November 22, 1909.

1. CHATTEL MORTGAGES—FURNISHING SWORN STATEMENT OF ACCOUNT.—The requirement of Kirby's Digest, § 5415, that, before any mortgagee shall proceed to foreclose any mortgage or to replevy personal property under such mortgage, he "shall deliver to the mortgagor a verified statement of his account, showing each item, debit and credit, and the balance due," is a prerequisite to the bringing of such a suit, and is not complied with by furnishing to the mortgagor unsworn statements as to the items at the time they were purchased, nor by furnishing a sworn, but unitemized statement of the account. (Page 314.)

2. SAME—WAIVER OF STATEMENT OF ACCOUNT.—The statutory requirement that the mortgagee, before proceeding to replevy mortgaged chattels shall furnish an itemized and sworn statement of the mortgagor's account (Kirby's Digest, § 5415) is not waived where the mortgagor sets up such noncompliance by a motion to dismiss the replevin suit. (Page 315.)

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; affirmed.

### STATEMENT BY THE COURT.

The suit at bar was first instituted by the appellant before a justice of the peace of Saline County, to recover from the appellee a mule and two bales of cotton, which he had mortgaged to appellant to secure an open account for supplies advanced to him with which to make his crop. At each time appellee bought supplies of appellant he was furnished with an itemized list of each purchase and its price. Before suit was instituted under the mortgage given by appellee to appellant the appellee was served at three different times with a sworn statement of his account, showing the total balance due appellant. It is now admitted that these statements were not itemized, and it is further agreed that there were no credits due appellee, and that the amount of the account, so sworn to, was correct. The case was taken from the jury because of the appellant's failure to itemize his account, as required by section 5415 of Kirby's Digest.

*Downey, Rouse & Streepey,* for appellant.

There was a substantial compliance with the statute in that on each occasion appellee bought goods he was furnished an

itemized statement · setting forth the separate articles bought
and the price of each, and that on three different occasions be-
fore suit was brought appellant served appellee with a' sworn
statement showing the balance due. The statute is directory
merely, and not mandatory. 4 Neb. 336; Sutherland, Stat. Con.
§ 627; 34 Ark. 493; 30 Ark. 32, 38; 4 S. Dak. 195. It ought
to be declared directory because it prescribes no penalty for
failure to comply with its provisions. 7 Nev. 106. A failure to
serve appellee with an itemized statement of his account forfeits
neither the account nor the mortgage. 65 Ark. 316. ·

*J. S. Abercrombie* and *W. R. Donham,* for appellee.

A statement merely showing the "total amount due" was
not sufficient. An itemized statement, showing each article
purchased and the price and showing each item of credit, was
essential. Kirby's Dig., § 5415; 73 Ark. 589; 65 Ark. 316.

WOOD, J. (after stating the facts). Section 5415 of Kirby's
Digest is as follows: "Before any mortgagee, trustee or other
person shall proceed to foreclose any mortgage, deed of trust, or
to replevy, under such mortgage, deed of trust, or other instru-
ment, any personal property, such mortgagee, trustee or other
person shall make and deliver to the mortgagor a verified state-
ment of his account, showing each item, debit and credit, and the
balance due.

The statute is mandatory. Compliance with its terms is
a prerequisite to the maintenance of a suit to replevin mort-
gaged property. This has already been practically decided by
this court in *Atkinson* v. *Burt,* 65 Ark. 316, where we held that
failure to furnish a verified statement might have been pleaded
to a suit to foreclose or to replevy the property. Where a
failure to comply with the statute may be pleaded as a defense,
necessarily the statute is mandatory.

The purpose of the statute, as declared in *Perry County
Bank* v. *Rankin,* 73 Ark. 589, is "to give the mortgagor an
opportunity before suit to pay the debt" and to settle any con-
troversy over any items that might be in dispute without "going
to law." The Legislature did not have in view the matter merely
of saving the mortgagor the costs that might be incident to a
lawsuit. Its purpose was not only to prevent that but also any
annoyance and inconvenience he might suffer by having his

property taken from him by process of law before giving him an opportunity to adjust any differences with the mortgagee and to settle his account, if possible, without a lawsuit. The burden was therefore placed on the mortgagee, as a condition precedent to the maintenance of a suit to foreclose or for possession, that he comply with the statute. But the mortgagee does not forfeit his debt by failing to comply with the statute. *Atkinson* v. *Burt, supra.* He still has the right to his debt and to any other remedies provided by law for the enforcement of its payment. He may still have his remedy of foreclosure by complying with the statute. It is a reasonable provision and subserves a useful purpose. It is not a compliance with the law to furnish statements as the items are bought from time to time, nor to furnish a sworn statement of the account without the items that compose it.

Compliance with the statute is not waived where the mortgagor sets up the noncompliance in defense, which was done in this case by his motion to dismiss.

The ruling of the court was correct. Affirm.