McCoy & Son *v.* Atkins.

Opinion delivered January 19, 1925.

CHATTEL MORTGAGES—SUFFICIENCY OF ACCOUNT.—Under Crawford & Moses' Dig., § 7403, requiring as a prerequisite to the foreclosure of, or the replevy under, a chattel mortgage that the mortgagee furnish to the mortgagor a verified statement of his account, *held* that the statement is sufficient if it furnishes reasonable information as to the state of his account, and its efficacy is not affected by such inaccuracies as showing credit by cash when it was by goods or where one or more items of credit was composed of credits for several articles.

Appeal from Cleveland Circuit Court, *Turner Butler,* Judge; reversed.

*George Brown,* for appellants.

The statement objected to by the defendant was verified, and gave the items of debit and credit, and the balance due. It was of such a nature that a man of ordinary intelligence could readily understand it, and

it was therefore a sufficient compliance with the statute. C. & M. Digest, § 7403.

*Woodson Mosley,* for appellee.

The statement did not conform to the requirements of the statute, C. & M. Digest, § 7403, which is mandatory. 92 Ark. 313. The credit side of the statement is at best a mere summary, and gave the defendant no opportunity to adjust any differences.    65 Ark. 316.

McCulloch, C. J.    This is an action instituted by appellant against appellee to recover the possession of three mules and an automobile conveyed by mortgage executed by appellee to appellant. Before the commencement of the action, appellant furnished a verified statement of the account claimed to be due under the mortgage, but, at the trial of the case, appellee challenged the sufficiency of the account by a motion to dismiss the action, which said motion the court sustained.

The only question presented on this appeal is whether or not the verified account was in form sufficient to constitute compliance with the statute, which provides, as a prerequisite to the foreclosure of a chattel mortgage, that the "mortgagee, trustee or other person shall make and deliver to the mortgagor a verified statement of his account, showing each item, debit and credit, and the balance due." Crawford & Moses' Digest, § 7403. The debit side of the account is fully itemized, and there is no contention in that particular that that part of the account falls short of the statutory requirement. The credit side of the account furnished is as follows:

| Date | Items | Int. | Credit |
|------|-------|------|--------|
| Nov. 16-20 | By cash | $4.87 | $ 90.90 |
| Nov. 17 | By cash | 1.00 | 18.72 |
| Nov. 17 | By cash | 3.25 | 59.64 |
| Apr. 21 | By cash | 5.80 | 299.18 |
| July 2-21 | By cash | | 179.36 |
| Oct. 31-22 | | | 141.92 |
| Int. on payment to June 1-21 | | | 14.92 |
| Jan. 1, 1923, Bal. | | | $1,153.53 |

The contention of counsel for appellee, in support of the court's ruling, is that the credit side of the account is insufficient, for the reason that it is not shown by testimony in the case whether the first three items were paid by the delivery of cotton or whether they were actually paid in cash, and there was evidence introduced tending to show that the other items of credit listed were not in cash, but were accounts for ties manufactured by several persons and delivered to appellant for appellee on his account.

We are of the opinion that the account, on its face, constitutes sufficient compliance with the statute, and its effect as a compliance with the statute is not changed by the fact that it may have contained inaccuracies, such as those mentioned above. It has been decided by this court that the statute is mandatory, and that the purpose of it is to give notice to the mortgagor of the amount claimed, and to give him an opportunity to satisfy the account without being subjected to the expense and annoyance of a lawsuit. *Lawhon* v. *Crow*, 92 Ark. 313. The account, however, is not required to be furnished as evidence in the case, and it is not essential that it come up to the fixed rules of evidence to establish the validity of the account, and it is sufficient if it affords reasonable information to the mortgagor as to the state of his account. The statute requires that the account be itemized. This does not mean that an action is defeated simply because the account contains inaccuracies. If the account is made in good faith and affords reasonable information, it is sufficient. The statute contemplates more than a mere statement of a lump sum, but here we have a statement which purports to give the items. Nor is the efficacy of the account affected by the fact that one or more of the items of daily credit are composed of a collection of credits for ties or other articles furnished as a credit on the account. The credit entered was sufficient to reasonably apprise the mortgagor of the amount with which he was credited on that day and to put him upon inquiry as to the correctness of the account, and

give him an opportunity to ascertain its correctness, and to pay such balance as he conceded to be correct.

The court erred in dismissing the action, and the judgment is therefore reversed, and the cause remanded with directions to reinstate the action and for further proceedings.