FIREMEN'S RELIEF AND PENSION FUND FOR THE
CITY OF PINE BLUFF, ARK. v. HUGHES.

5-1664                                          318 S. W. 2d 145

Opinion delivered December 1, 1958.

*Wilton E. Steed,* for appellant.

*Joe Holmes,* for appellee.

ED. F. McFADDIN, Associate Justice. The question here presented is the correctness of the decision of the Circuit Court which adjudged that Appellee Hughes was entitled to a fireman's pension because of physical disability. The appellant here is the Firemen's Relief and Pension Fund for the City of Pine Bluff (hereinafter referred to as "Pension Board"); and the appellee is David C. Hughes, who claims that he was injured at a time and in a manner that entitles him to a pension.

Both sides agree that the applicable law is found in §§ 19-2201 *et seq.* Ark. Stats., including the 1955 amendments.[1] Pertinent statutory provisions will be mentioned later.

The present litigation began on August 29, 1957, when Hughes' attorney filed an oral claim with the Pension Board, which claim was denied.[2] On September 6, 1957 Hughes filed Case No. 14521 in the Jefferson Circuit Court and his pleading was entitled, "Appeal". In that pleading, Hughes alleged that he received an injury while a regular member of the Pine Bluff Fire Department and that the injury was not received while in or as a result of other gainful employment. He alleged the refusal of the Pension Board to award him a pension and prayed for a Circuit Court judgment awarding him a pension from July 1, 1956, which was apparently some time near the date of his injury. The Pension Board filed answer: (1) denying the allegations made by Hughes; (2) alleging that Hughes was discharged for cause on July 1, 1956; and (3) claiming that Hughes had failed to comply with the law in attempting to obtain a pension.

[1] The amendments made by the 1957 Legislature are found in the Pocket Parts of Arkansas Statutes Annotated, but the 1957 amendments are not applicable to this case insofar as concerns the substantial claim of the appellee, since his alleged injury occurred in 1956.

[2] All the minutes of the Pension Board of August 29, 1957, insofar as relate to this case, are as follows: "The Board of Trustees of the Firemen's Relief and Pension Fund met in regular monthly session at 8 o'clock AM this date in the office of the Mayor. Mayor Lites presided and the following members of the Board were present: Chief Alford, Firemen Jones, Murdock, Phillips and McCallister. There was none absent.

"Minutes of the meeting of July 31, 1957, were read and approved . . .

"Attorney Joe Holmes was present and requested the Board to grant an application for pension made by his client, David C. Hughes.

"Mayor Lites read a court order signed by Circuit Judge Henry Smith decreeing that the appeal by Mr. Hughes to the court be dismissed with prejudice. After some discussion with reference to state laws that applied to the case, Mr. Jones moved that the application of Mr. Hughes to the Board for a pension be denied. His motion was seconded and, upon roll-call vote, carried unanimously.

"Mayor Lites instructed the Secretary to furnish copies of these minutes to Mr. Holmes, to Fire Chief Alford and to the Civil Service Board.

"There being no further business, the meeting adjourned."

The cause was heard in the Circuit Court *ore tenus*: part of the hearing was on the 22nd day of November, 1957 and the concluding portion of the hearing was on the 30th day of January, 1958. On the last mentioned date the Circuit Court entered judgment for Hughes for a pension to begin on July 1, 1956. From that judgment there is this appeal in which the appellant presents two points, to-wit:

"1. A Fireman is not entitled to a pension where he fails to file a certificate of disability with the pension board.

"2. Appellee is not entitled to a pension from the Firemen's Relief and Pension Fund for the City of Pine Bluff, Arkansas, where his injury is caused by his own misconduct."

I. *Appellant's First Point.* Section 19-2205 Ark. Stats., insofar as concerns disabled firemen, says:

"Whenever a person serving as a fireman in such city or town shall become physically or mentally disabled, except while actually performing work in gainful employment outside of the Fire Department in said city or town, said Board may, upon his written request, . . . retire such person from active service, and, if so retired, shall order and direct that he be paid from said fund a monthly pension . . ."

Section 19-2206 Ark. Stats. says:

"No person shall be retired, as provided in the next preceding section, or receive any pension from said fund, unless there shall be filed with the said board certificates of his disability, which certificates shall be subscribed and sworn to by said person and by the city or town physician, if there be one, and the firemen's relief and pension fund physician, and such board may require other evidence of disability before ordering such retirement and payment as aforesaid."

Hughes never filed any written request with the Pension Board and never filed any certificate of disability with the Pension Board, as a basis for his request of August 29, 1957. When the case reached the Circuit Court the Pension Board claimed as a defense that Hughes had failed to comply with the Arkansas Statutes. On the trial, Hughes admitted that he had never appeared before the Pension Board; and no certificate of any kind was introduced in the trial.[3] So the record here conclusively establishes that Hughes did not file a certificate as required by § 19-2206; and that the Pension Board has not waived such failure because it has all the time urged that Hughes had not complied with the law.

The Statute provides in § 19-2210 that appeals from the Board to the Circuit Court shall be, ". . . in the method now provided for appealing from decisions of the Justices of the Peace in civil cases". The trial in the Circuit Court is *de novo*; but in the *de novo* trial in the Circuit Court there was no evidence that Hughes had complied with § 19-2206 Ark. Stats. The question, then, is how fatal is his said failure. The situation here is very much like the situation involving § 51-1101 Ark. Stats. That section provides that before any mortgagee shall proceed to foreclose a mortgage or to replevy under such mortgage any personal property, such mortgagee shall make and deliver to the mortgagor a verified statement of account showing each item, debit and credit, and the balance due. We have held that, unless waived, compliance with § 51-1101 is a prerequisite to the beginning of proceedings. (*Lawhon* v. *Crow, infra.*) Likewise, it is clear that, unless waived, compliance with § 19-2206 is prerequisite to the allowance of a disability claim.

---

[3] In the appellee's brief in this Court it is stated that a certificate of disability was filed with the Pension Board of February 12, 1958; and what purports to be such certificate appears in the appellee's abstract; but the judgment herein was on January 30, 1958 and subsequent attempted curative filings cannot improve a defective record.

The case of *Lawhon v. Crow,* 92 Ark. 313, 122 S. W. 999, points the way to our conclusions here. In that case the mortgagee brought suit in the Justice of the Peace Court to replevy personal property described in the mortgage. The mortgagor pleaded in the Justice of the Peace Court that the mortgagee had failed to fully comply with the section that is now § 51-1101 Ark. Stats. The case reached the Circuit Court and the mortgagor renewed his plea. The Circuit Court sustained the defense and the mortgagee appealed. This Court cited the earlier cases of *Atkinson v. Burt,* 65 Ark. 316, 53 S. W. 404, and *Perry County Bank v. Rankin,* 73 Ark. 589, 84 S. W. 725, and reached the conclusion that: ". . . the mortgagee does not forfeit his debt by failing to comply with the statute. . . He may still have his remedy of foreclosure by complying with the statute . . ."[4] So, here, the failure of Hughes to comply with the statute (§ 19-2206 Ark. Stats.) is fatal to his present suit; and the Circuit Court should have dismissed the case, but without prejudice to Hughes' right to thereafter comply with the statute and have further proceedings. Such is the conclusion we reach in this case.

II. *Appellant's Second Point.* The a p p e l l a n t claims that the appellee is not entitled to a pension because his injury was caused by his own misconduct, and pleads § 19-2210 Ark. Stats. as a defense to any pension claim of appellee. Even though this present case is to be dismissed by the Circuit Court, we think it only proper for future guidance to point out that we are not passing on this second point. Thus, the Pension Board is still at liberty to make its claim, relying on the provisions of § 19-2210 Ark. Stats.

The judgment in the present case is reversed and the cause is remanded, with directions to the Circuit Court to dismiss the present case but without prejudice

---

[4] Some of the subsequent cases citing *Lawhon v. Crow (supra)* are: *Ford Hardwood Lumber Co. v. Bryant,* 178 Ark. 807, 13 S. W. 2d 1; *McCoy & Son v. Atkins,* 167 Ark. 250, 267 S. W. 779; and *Haffke v. Hempstead County Bank,* 165 Ark 158, 263 S. W. 395.

to Hughes to have further proceedings after he complies with the applicable law.