Hughes *v.* Firemen's Relief And Pension Fund.

5-2060                              333 S. W. 2d 716

Opinion delivered March 21, 1960.

[Rehearing denied April 25, 1960]

*Joe Holmes,* for appellant.

*Henry W. Gregory, Jr.,* and *H. Murray Claycomb,* for appellee.

Sam Robinson, Associate Justice. In the year 1952 the appellant, David C. Hughes, began working as a fireman for the City of Pine Bluff Fire Department. On May 15, 1956, while not on duty, he received serious injuries which render him unable to perform the work of a fireman. He applied to the Board of Trustees of the Firemen's Relief and Pension Fund for the City of Pine Bluff, hereinafter called the Board, for a pension under the provisions of Ark. Stat. § 19-2205. The Board refused to award the pension on the ground that the injuries were the result of Hughes' own misconduct and that because of such misconduct he had been discharged from the Department. Hughes appealed to the circuit court. There the court granted the pension and the Board appealed to this Court. *Firemen's Relief* v. *Hughes,* 229 Ark. 730, 318 S. W. 2d 145. In that appeal this Court reversed the judgment because Hughes had not complied with Ark. Stat. § 19-2206, which requires that an applicant for a pension based on disability must file with the Board certificates of such disability. In that case, however, this Court pointed out that the Pension Board was still at

liberty to prove its contention that Hughes is not entitled to receive a pension because of alleged misconduct resulting in the disabling injuries and his discharge from the fire department. Subsequently Hughes filed certificates of disability and the Board for the second time refused to grant the pension. Hughes again appealed to the circuit court. There the action of the Board was sustained and the appeal was dismissed. Hughes then appealed the case at bar to this Court.

The record shows that Hughes was injured on May 15, 1956. On the 28th day of June he was suspended by the chief of the fire department because of his conduct in making an unprovoked attack upon a citizen of the community. The Civil Service Commission sustained the suspension and discharged him permanently. Hughes appealed to the circuit court the order of the Commission discharging him. There, after a hearing on the merits, the order was sustained and the appeal was dismissed.

The original act providing for pensions for city firemen is Act No. 491 of 1921 (Ark. Stat. § 19-2201, et seq.). As originally adopted, the Act provided for a pension for disability only in the event the injury was sustained "while in, and in consequence of, performance of his duty as such fireman". By Act No. 76 of 1955 the original Act was amended by deleting the words "while in, and in consequence of, performance of his duty as such fireman" and substituting therefor "except while actually performing work in gainful employment outside of the Fire Department". Section 10 of the 1921 Act (Ark. Stats. § 19-2210) provides: ". . . In the event the Chief or any member of the Fire Department shall be removed or discharged without just cause, such removal or discharge shall not in any way affect the right of such person to the benefits of this act, and at the time of the discharge or removal of any such person, the board hereby created shall investigate and determine whether such removal or discharge was without just cause or not, and shall make a report of its findings, and any person feeling himself aggrieved by the decision of such board

shall have the right to appeal therefrom to the circuit court of the county in the method now provided for appealing from decisions of the justices of the peace in civil cases. . . ." Of course, it will be noticed that the Act provides that no member of the fire department may be removed or discharged without just cause, but the Act does *not* provide that such a member may not be discharged *with* just cause.

Hughes appealed to the circuit court from the order of the Civil Service Commission discharging him, and after a hearing on the merits the order was sustained and the appeal dismissed with prejudice. There was no appeal to this Court from the action of the circuit court in sustaining the action of the Civil Service Commission discharging Hughes. It necessarily follows that there has been a final determination by a court of competent jurisdiction that Hughes was discharged with just cause. He was never awarded a pension by the Pension Board. If Hughes had been awarded a pension and later committed some act that would constitute just cause for his discharge, perhaps he or his family still could collect the pension. Ark. Stats. § 19-2210. But he was discharged with just cause, as has been determined by the circuit court, for doing the act which caused his disability, and he did not appeal from that judgment.

The right to a pension is purely statutory. Hughes contends that according to the wording of Act No. 491 of 1921 as amended by Act No. 76 of 1955 he is entitled to a pension because at the time he was injured he was not working at some gainful employment outside of the fire department. According to his theory, a fireman would be entitled to a pension if injured while committing some very serious felony and he was then discharged with just cause by the Commission because of such an act. We do not think the statute is subject to that construction.

Affirmed.