Senator Jay Bradford Post Office 8367 Pine Bluff, AR 71611
Dear Senator Bradford:
The following official opinion is written in response to the following question:
 Under Arkansas Statute Ann. 19-2205 is the definition of "physically or mentally disabled" a total disability, unable to have gainful employment or is it just unable to perform the duties of a firefighter?
Pursuant to Ark. Stat. Ann. 19-2205, the Board of Trustees of the Firemen's Relief and Pension Fund, may, upon the firemens [fireman's] request, or without such request if it deems it for the good of said department, retire such person from active service due to a physical or mental disability.
In Hughes v. Firemen's Relief and Pension Fund, 231 Ark. 877, (1960), the Court, in commenting on the physical disability aspect of a fireman, stated that his injury rendered him unable to perform work as a fireman. Although the case addresses issues other than the type of disability, the court did recognize in their comments that the application of the disability was to his ability to perform the work of a fireman.
The emergency clauses to amendments to Ark. Stat. Ann. 19-2205 cite the urgent need for pensions for disabled firemen. The statute refers to being retired from and restored to active service. The legislative intent appears to be to provide pensions for firemen disabled and unable to perform these duties as firemen in order to encourage persons to perform the potentially dangerous duties which are necessary for the public welfare. The dicta in Hughes supports that rationale.
Therefore, it is my opinion that the definition of "physical or mental" disability as used in Ark. Stat. Ann. 19-2205 is intended to address these firemen who are unable to perform their duties as a fireman.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Mark Lewis.