FIREMEN'S PENSION FUND FOR THE CITY OF
SILOAM SPRINGS *v.* Glen E. BROWN

86-116                                         720 S.W.2d 922

Supreme Court of Arkansas
Opinion delivered December 22, 1986

*John Dodge*, for appellant.

*Mayo Law Office*, by: *William R. Mayo*, for appellee.

DAVID NEWBERN, Justice. ▇ The question in this case is whether pension payments from a Firemen's Relief and Pension Fund should begin upon retirement or be made retroactive to the date of the disability upon which the retirement is based. We hold it was the intention of the general assembly, expressed in Ark. Stat. Ann. § 19-2205 (Repl. 1980), to make the pension payments beginning with retirement. Thus we reverse the circuit court's ruling that the appellant must make the payments retroactive to the time the disability occurred.

The appellee, Glen E. Brown, sustained a back injury on his job as a city fireman on January 28, 1984. He received workers' compensation benefits culminating in a joint workers' compensation petition on January 23, 1985.

The appellee's treating physician, Dr. Runnels, on May 7, 1984, wrote a letter stating the appellee could return to work but only as a dispatcher or to perform other light duties. On June 20,

1984, the city administrator wrote to Dr. Runnels, explaining that there were no light duty fireman positions and asking the likelihood that the appellee might return to full duty. There was additional correspondence between city officials and Dr. Runnels. The city's position was that a fireman had to be able to do emergency physical work. The doctor's position remained that the appellee could not perform such work.

While the uncertainty about the appellee's prospect for returning to work continued, he, on July 19, 1984, requested a disability pension. The appellant pension fund board tabled the request at its meeting on August 13, 1984. At its September 10, 1984, meeting, the minutes show the board denied the pension ". . . due to the offer of reinstatement to active duty by authorization of his physician. . . ." However, on November 12, 1984, the board granted the pension, to be effective December 1, 1984, conditioned upon the appellee turning in his equipment, obtaining acceptance by the fire chief, and signing a medical release. That vote occurred after Dr. Runnels wrote again on November 9, 1984, that the appellee should have a light duty job and had sustained permanent disability of 15%.

The appellee turned in his equipment January 17, 1985, and he filed the certificates of disability required by Ark. Stat. Ann. § 19-2206 (Repl. 1980) on April 15, 1985.

The appellee's complaint in the circuit court alleged he was entitled to pension payments from January 28, 1984, the date he was injured. In the alternative he sought payments dating from July 19, 1984, the date of his first request. The circuit judge found that the applicable statutes do not specify the beginning date for disability retirement benefits. His memorandum opinion says that logic and fairness seem to require payment from the date of disability, and that the appellee's receipt of workers' compensation benefits does not bar receipt of pension payments. The judgment provides that appellee is entitled to receive pension payments from January 28, 1984, the date of disability.

The appellant pension fund board has raised two points on appeal. First, it contends the court's decision is inconsistent with the intent of the statutory pension scheme. We agree with that point, and thus we need not address the second point which is that the workers' compensation law makes it the exclusive remedy in

these circumstances and thus that any pension recovery was barred during the time workers' compensation benefits were being received by the appellee.

In our view the appellee and the trial court focused on the wrong aspect of § 19-2206. Although it deals with disability as a basis for retirement, it is nonetheless a retirement statute. Until the extent of disability is known, the pension fund board can make no determination with respect to retirement. The statute directs the pension payments to be made by the fund to the disabled fireman "if so *retired*" (emphasis added) rather than if so *disabled*.

The combined systems of workers' compensation and retirement pension fund worked well in this case. The appellee was paid workers' compensation benefits during his initial disability period and into January, 1985. The pension fund board made a liberal decision to grant the appellee retirement benefits beginning December 1, 1984, although he had not yet presented the certificates required by § 19-2206, and did not do so until April 15, 1985.

We have not been asked by the appellant pension fund board to hold that the retirement pension may begin no earlier than April 15, 1985, the date the certificates mentioned above were filed. Although § 19-2206 provides that no person shall receive a pension unless the certificates have been filed, obiter dicta in *Firemen's Relief and Pension Fund for the City of Pine Bluff* v. *Hughes*, 229 Ark. 730, 318 S.W.2d 145 (1958), suggest the requirement may be waived. The appellant obviously intended to waive the requirement to the extent it made the granting of the pension conditional upon the filing of the certificates but permitted the payments to date from December 1, 1984. We take no position on the point.

The record shows the appellee received his first pension check on February 1, 1985, which presumably was at the end of the first pay period following his return of equipment. The board's decision obviously was that the retirement began as of the time the equipment was returned, and that decision should be allowed to stand.

The trial court's judgment is reversed, and the case is remanded for entry of a judgment consistent with this opinion.