Roger BRECKENRIDGE *v.* BOARD OF TRUSTEES of the Firemen's Pension and Relief Fund for the City of Newport, Arkansas; Wayne Beard, Jr., Mayor; J. Paul Heard, City Clerk; Blanchard Cooley, Fire Chief; Norman Betts, Fireman; John Robinson, Fireman; Jim Bishop, Fireman; Claude Robinson, Fireman

90-116                                        798 S.W.2d 85

Supreme Court of Arkansas
Opinion delivered November 5, 1990
[Rehearing denied December 10, 1990.]

*Thaxton, Hout, Howard & Nicholson,* by: *E. Leon Nichol-*

*son*, for appellant.

*James A. McLarty*, for appellee.

JACK HOLT, JR., Chief Justice. On January 19, 1987, the appellant, Roger Breckenridge, was injured during the course of his employment with the City of Newport Municipal Fire Department. On March 31, 1987, Breckenridge applied to the Firemen's Pension and Relief Fund for the City of Newport for disability retirement pursuant to Ark. Code Ann. § 24-11-819 (1987).

The appellee, Board of Trustees of the Firemen's Pension and Relief Fund for the City of Newport, Arkansas (Pension Board), denied Breckenridge's request on September 30, 1987. One month later, Breckenridge filed a petition for review in the Circuit Court of Jackson County. The Pension Board subsequently granted Breckenridge a hearing, which was held on December 4, 1987, and again denied Breckenridge's request for disability retirement. On December 31, Breckenridge appealed the Pension Board's order of denial to the Circuit Court of Jackson County.

On October 10, 1988, the circuit court ordered the Pension Board to hold another hearing at which Breckenridge could present additional medical evidence obtained since the December 4 hearing. The hearing was held on November 14, 1988, and the Pension Board again denied Breckenridge's application.

Thereafter, Breckenridge appealed to the Circuit Court of Jackson County, and a de novo trial was held on January 12, 1989. On January 5, 1990, the trial court entered its order denying Breckenridge's application.

From that order, Breckenridge now appeals and alleges four points of error: 1) that the trial court erred in finding that no evidence of certified disability by the Pension Board's physician was submitted that declared him to be disabled, 2) that the trial court erred in disallowing as evidence the proffered testimony of Blanchard Cooley, 3) that the trial court's decision is erroneous because it is clearly against the preponderance of the evidence, and 4) that the trial court's decision is inconsistent with the intent of the governing statute, section 24-11-819.

We find none of Breckenridge's arguments persuasive and affirm.

Section 24-11-819 addresses disability retirement under the Firemen's Relief and Pension Fund and provides as follows:

(a)(1) Whenever a person serving as a fire fighter in a city or town shall become physically or mentally disabled, . . . the board may, upon his written request, retire the person from active service. If so retired, the board shall order and direct that he be paid from the fund a monthly pension
. . . .

(b)(1) No person shall be retired as provided in this section or receive any pension from the fund unless there shall be filed with the board certificates of his disability, which certificates shall be subscribed and sworn to by the person and by the city or town physician, if there is one, and by the firemen's relief and pension fund physician.

(2) The board may require other evidence of disability before ordering the retirement and payment as provided in this section.

Breckenridge initially asserts that the trial court erred in finding that no evidence of certified disability by the Pension Board's physician was submitted that declared him to be disabled. Breckenridge argues that the letter report from Dr. Gary S. Sapiro, the Pension Board's physician in this case, to the City Clerk complies with the requirement that the Pension Board physician subscribe and swear that he was disabled. However, Dr. Sapiro's letter report contains the following summary:

[W]e are presented with a 34 year old male patient who presents with probable symptoms reflecting a recurrent herniated disc at the L5-S1 level on the left side. On the other hand, Mr. Breckenridge indicates to me that he would really prefer to obtain a disability from the fire department and is not interested, at the moment, in pursuing any further neurosurgical or orthopedic evaluation. That is to say, traditionally, it is very difficult to improve a patient's clinical status and return him to work if motivation is lacking. Since the patient primarily is interested in pursuing a disability, I suspect that in the long

term, it is probably in his best interest as well as yours to proceed with a pension determination.

As explained to the patient, however, should he elect to proceed with hospitalization and surgical intervention, I would expect to return him to work within six to eight weeks thereafter. . . .

The trial court found that "no evidence of certified disability by the Defendant's doctor was submitted to the Court that declares the Claimant to be disabled. . . . Further, the Court takes into account the fact that Claimant has had a corrective surgery and other testimony of his physical activities in a part-time job since the submission of the medical evidence." The corrective surgery to which the trial court referred was a lumbar laminectomy performed on February 25, 1988, and the reference to a part time job pertained to daily welding work, prior to the lumbar laminectomy, of two to three hours duration in a relative's business.

The standard for review on appeal is that "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence) . . . ." ARCP Rule 52(a). Given the nature of Dr. Sapiro's evaluation of Breckenridge, we cannot say that the trial court's finding that the letter report was not a certification of Breckenridge's disability, as required by section 24-11-819, is clearly erroneous.

In the *Firemen's Relief and Pension Fund for the City of Pine Bluff, Ark.* v. *Hughes*, 229 Ark. 730, 318 S.W.2d 145 (1958), the plaintiff never filed any written request or any certificate of disability with the Pension Board as a basis for his request for disability retirement, but the circuit court entered judgment in favor of Hughes. On appeal, we found that Hughes's failure to comply with the statute was fatal to his suit; however, we held that the circuit court should have dismissed the case without prejudice to Hughes's right to thereafter comply with the statute and have further proceedings.

We find *Hughes, supra*, to be determinative of Breckenridge's second and third points of error in that the requirement to submit a certificate of disability from the Pension Board's

physician is a prerequisite to the allowance of a disability claim under section 24-11-819. His failure to obtain the required certificate of disability from Dr. Sapiro is, therefore, fatal to these issues.

■ For his fourth point of appeal, Breckenridge claims that "the trial court's decision is inconsistent with the intent of the governing statute . . . ." To the contrary, section 24-11-819(b)(1) specifically states that "[n]o person shall be retired . . . unless there shall be filed with the board certificates of his disability, *which certificates shall be subscribed and sworn to . . . by the firemen's relief and pension fund physician.* (Emphasis ours.)

■ As an aside to his fourth point, Breckenridge also argues in his brief that this statute is unconstitutional because it delegates unbridled discretion to a delegate doctor to determine his eligibility for disability retirement. We do not reach this issue as it was not properly preserved for appeal. *See McDonald* v. *Wilcox,* 300 Ark. 445, 780 S.W.2d 17 (1989).

Affirmed.