Ms. Cathyrn E. Hinshaw, Executive Director Arkansas Fire Police Pension Review Board 124 W. Capitol, Suite 940 Little Rock, Arkansas 72201
Dear Ms. Hinshaw:
This is in response to your request for an opinion on the disability retirement of firefighters under A.C.A. § 24-11-819. Specifically, you note that this statute authorizes the local pension board to retire a firefighter who is injured in the line of duty at a sixty-five percent disability pension. Your question is whether such a disability recipient may receive a duty-disability benefit from the local pension fund and continue employment with another employer either full or part-time. In other words, you want to know whether a firefighter, who is retired on a duty-disability must be totally incapacitated for any employment or whether the reference is to employment as a firefighter only.
It is my opinion that the statute has reference to further employment as a firefighter, and the fact that the firefighter is able to perform other employment unrelated to firefighting does not disqualify him from receiving a disability pension.
The relevant provision is A.C.A. § 24-11-819(a)(1) (Repl. 1992), which provides as follows:
 (a)(1) Any fire fighter who becomes totally and permanently physically or mentally incapacitated for any suitable duty as an employee as a result of personal injury or disease may be retired by the board, upon written application filed by or on behalf of the member, if, after medical examination of the member made by or under the direction of a physician designated by the board, the physician reports in writing that the member is physically or mentally totally incapacitated for the further performance of any suitable duty, that the incapacity will probably be permanent, and that the firefighter should be retired.
The first rule of statutory construction is to construe language just as it reads, giving words their ordinary meaning in common usage. Bob Cole Bail Bonds, Inc. v. Howard, 307 Ark. 242,819 S.W.2d 274 (1991). The statute above refers to incapacity "for any suitable duty as an employee" and incapacity for "the further performance of any suitable duty. . . ." In my opinion this language refers to further duty as an employee in the fire department. Both a 1986 decision of the Arkansas Supreme Court and a 1986 Attorney General Opinion support this conclusion.See Firemen's Pension Fund v. Brown, 290 Ark. 610,720 S.W.2d 922 (1986), and Op. Att'y. Gen. No. 86-347, copy enclosed. InBrown, the court upheld the disability retirement of a firefighter who was found to have a permanent disability of fifteen percent. The attending physician found that the firefighter could return to work, but could only perform "light duties," as, for example, a dispatcher. The city's position, however, was that a fireman must be able to do emergency physical work. The department would therefore not rehire him, and he was retired under A.C.A. § 24-11-819. The primary issue in Brown
involved the timing of disability benefits and not the eligibility for such benefits. In my opinion, however, the case does support the conclusion that a firefighter may be disability retired when he is not able to perform the duties of a firefighter, despite the fact that he might be able to perform "lighter" duties for another employer.[1] See alsogenerally Hughes v. Firemen's Relief and Pension Fund,231 Ark. 877, 333 S.W.2d 716 (1960).
This was also the conclusion of Op. Att'y Gen. No. 86-347, a copy of which is enclosed.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Although in a more recent case (Breckenridge v. Board ofTrustees of the City of Newport, 303 Ark. 500, 798 S.W.2d 85
(1990)), the court upheld the refusal to grant a disability pension to an injured firefighter, in part upon evidence that he had worked at a part-time job after the injury, the significance of the part-time job (welding) was its physical nature, as evidence that the firefighter was not disabled to perform the physical requirements of firefighting, and was not significant merely because he was able to perform any gainful employment.