The Honorable Mike Beebe State Senator 211 West Arch Street Searcy, Arkansas 72143
Dear Senator Beebe:
This is in response to your request for an opinion on some additional facts you have presented in conjunction with the issuance of Op. Att'y Gen. 95-021, recently issued by this office. That opinion concluded, in response to two questions from Ms. Cathryn Hinshaw, Executive Director of the Arkansas Fire and Police Pension Review Board, that a particular volunteer firefighter, who had retired in 1975, was not entitled to service credit for years 1975 until 1990, at which time he became a paid fire chief of the City of Beebe, although he was entitled to credit for the additional years he served as fire chief from 1990 to 1994. In Op. Att'y Gen. 95-021 it was assumed that the volunteer firefighter, after retirement in 1975, did not continue in the service of the department. You have submitted correspondence with your request which indicates that in fact, the particular firefighter never discontinued service from the department. He began service in 1955 and served continuously, in some capacity, until January 31, 1994. You therefore ask my opinion as to whether this clarification of the facts would lead to a different result with reference to the two questions originally posed in Opinion No.95-021, which questions were: 1) whether the firefighter in question should get service credit from the time he first retired in 1975 and began drawing a pension, and 1994, when he actually left service with the department, and 2) if so, whether he should be retired as a volunteer, or as a full-paid member of the fire pension fund.
It is my opinion that the new facts you have presented do not materially alter the conclusions of Op. Att'y Gen. 95-021. In my opinion there is no provision of law which would authorize the firefighter in question to receive service credit for the years 1975 through 1990, when he was receiving pension benefits, and acting as a volunteer firefighter. Although current law would allow him to continue service in the department after 1975, and to receive pension benefits during this period (as long as his service was uncompensated), I can find no law which would allow him to also continue contributing to the system and to accrue more service credit while simultaneously receiving pension benefits. He may, however, be entitled to a refund of any contributions made during this period.
The right to pension benefits is purely statutory. Hughes v. Firemen'sRelief and Pension Fund, 231 Ark. 877, 333 S.W. 2d 716 (1960). The relevant subchapter is A.C.A. §§ 24-11-801 to -830 (Repl. 1992 and Supp. 1993). Two provisions of the subchapter contemplate return to service by retirees. The first is A.C.A. § 24-11-818(f)(2), which provides as follows:
 (f)(2) Notwithstanding the provisions of subsection (a) of this section or any other law to the contrary, a person retired from service of a fire department may remain actively involved in the fire department provided the person does not receive compensation for the service provided.
 (3) Service to a fire department under subsection (f)(2) of this section shall not cause any suspension of retirement benefits payable under 24-11-801 et seq., nor shall such service be interpreted by any board administering funds under 24-11-801 et seq., as a reinstatement of employment in a fire department.
This provision allows a retired firefighter to "remain active" in the department, as long as he receives no compensation for his service, and allows him to continue to receive his pension benefits during this time. It is clear, however, that such service does not constitute "reinstatement of employment," and thus a retired member would not be eligible to continue to make contributions to the system and accrue further service credit under this provision.
The other provision addressing the return to service of a retired firefighter is A.C.A. § 24-11-827, which was addressed in Op. Att'y Gen.95-021. It provides that if an age or service retirant returns March 1, 1986 or later to employment in the same department, no pension payment shall be paid him during the reemployment, and he may make member contributions to the system as if he were an active member. If his reemployment lasts until the retirant accumulates an additional three years of credited service, his former retirement shall be canceled and the additional years may be added to his former service in computing retirement benefits. It is clear under this provision, however, that a retirant may not continue to receive pension benefits while contributing to the system in an effort to accrue more service credit.
The first statute, therefore, allows a retirant to return to uncompensated service while continuing to receive pension benefits, but no additional service credit can be accumulated. The second statute allows a retirant to return to compensated service and accrue additional service credit, but no pension benefits can be received during this reemployment. In my opinion these two statutes apply to different situations, and each applies in succession to the particular firefighter at issue. The first statute applies to allow a retirant to "remain active" in the department, although receiving a pension. It does not contemplate "reemployment" and thus requires uncompensated service. This statute, in my opinion would allow the firefighter in question to have received his pension benefits during his service from the period of August 1975 until January 1, 1990 at which time he became a paid fire chief. His service during this period was uncompensated. He also, however, continued to make member contributions during this period. This was improper, because his service during this period is not considered "reemployment" under the statutes and he is not, under the statutes, eligible to accrue more service credit for this period. He may therefore, be entitled to a refund of contributions made during this period. See Op. Att'y Gen. 90-208 at p. 4.
The second statute applies, in my opinion, to the firefighter's "reemployment" as a compensated fire chief. This "reemployment" occurred "March 1, 1986 or later" as specified in A.C.A. § 24-11-827, and operates to allow the firefighter to make member contributions during this period, while his pension benefits are suspended, and to accrue additional years of service to be used in recomputing his retirement benefits. He served an additional five years as a compensated fire chief, and thus is eligible, under A.C.A. § 24-11-827, to have his previous retirement canceled and his benefits recomputed to include this additional five years. Additionally, as stated in Op. Att'y Gen. 95-021, he is eligible to retire as a full paid firefighter under A.C.A. § 24-11-818(e).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh